■ IRENE FEINMAN et al., Appellants, v RALPH A. CANTONE et al., Defendants, and CENTRAL ISLIP COMMERCIAL HALL, Respondent. [596 NYS2d 135] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), dated February 27, 1991, which granted the motion of the defendant Central Islip Commercial Hall for summary judgment dismissing the complaint insofar as asserted as against it.

Ordered that the order is affirmed, with costs.

The instant action to recover damages is based on the fall of the plaintiff Irene Feinman on a wheelchair ramp, which was covered with snow and ice, in a shopping center located in Central Islip. The plaintiffs maintained that questions of fact existed which should have precluded the Supreme Court's grant of summary judgment to the defendant Central Islip Commercial Hall (hereinafter Central), i.e., whether Central had a duty to maintain the ramp, and, if so, whether Central was negligent in performing its duty. Central sought dismissal of the complaint insofar as asserted against it on the ground that Mrs. Feinman was not injured on property owned or controlled by it.

The proof offered by Central in support of its motion clearly warranted the grant of summary judgment. The evidence, which included deposition testimony, photographic evidence, and other relevant documents, adequately revealed that Central was not in possession or control of the area on which Mrs. Feinman fell, and that Central owed no duty to her (see, Cohen v City of New York, 128 AD2d 748). Upon this showing, the plaintiffs were required to come forward with sufficient proof, in evidentiary form, that Central had, or was chargeable with, control of the subject area, or that Central actually created the hazard (see, McGill v Caldors, Inc., 135 AD2d

1041). However, the plaintiffs' response was insufficient to support a finding that any questions of fact exist, being based on pure speculation (see, *Zuckerman v City of New York,* 49 NY2d 557). Moreover, the failure of all of the parties to complete discovery did not preclude the grant of summary judgment to this defendant (see, *Chemical Bank v PIC Motors Corp.,* 58 NY2d 1023, 1026; *Bosio v Selig,* 165 AD2d 822). Thompson, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.