■ ELIZABETH A. NIKOLIC et al., Respondents-Appellants, v VALLEY STREAM CENTRAL HIGH SCHOOL DISTRICT, Appellant-Respondent. [658 NYS2d 665] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated July 18, 1996, as denied its motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal from so much of the same order as denied their cross motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, without costs or disbursements.

The infant plaintiff was injured when she fell on an icy path in front of Valley Stream Central High School on February 1, 1994, at approximately 3:05 P.M. Duly certified weather records indicate that, at John F. Kennedy International Airport, located just southwest of the school, between 11:00 A.M. and 4:00 P.M. on the day of the accident, .02 inches of rain and .5 inches of snow fell. The records also indicate that on January 26, 1994, there was a snow storm which deposited 3.3 inches of snow.

The defendant moved for summary judgment contending that the icy condition was caused by inclement weather conditions prevailing at the time of the accident. The plaintiffs cross-moved for summary judgment alleging that the ice was the result of the snow storm on January 26, 1994, six days prior to the accident. The Supreme Court denied both the motion and cross motion, finding that there were issues of fact concerning whether the defendant exercised reasonable care in the maintenance of the premises and whether the icy condition existed for a sufficient period to charge the defendant with constructive notice. We affirm.

The log book for the 1993-1994 school year maintained by the custodian for the defendant contained numerous entries concerning snow and ice removal procedures. The log book did not, however, contain any records indicating that such procedures were employed after the snow storm on January 26, 1994. Viewing the evidence in the light most favorable to the plaintiffs (*see, Forte v Franklin Gen. Hosp.*, 185 AD2d 914) and resolving all reasonable inferences in their favor (*Marine*

*Midland Bank v Dino & Artie's Automatic Transmission Co.*, 168 AD2d 610), we find that there is a genuine issue of fact as to whether the ice upon which the infant plaintiff fell on February 1, 1994, was the result of the snowfall of January 26, 1994, and that, therefore, the defendant failed to establish, as a matter of law, that it lacked constructive notice of the icy condition (*see, Boyko v Limowski*, 223 AD2d 962, 964).

It cannot be said, however, that the plaintiffs established their entitlement to judgment as a matter of law. Accordingly, the Supreme Court properly denied both the motion and the cross motion. Miller, J. P., Copertino, Sullivan and Altman, JJ., concur.