■ ITALIA DEPOMPO, Respondent, v WALDBAUMS SUPERMARKET, INC., Appellant, and SALTRU ASSOCIATES JOINT VENTURE et al., Respondents. [737 NYS2d 646] —In an action to recover damages for personal injuries, the defendant Waldbaums Supermarket, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated October 31, 2000, as denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant Waldbaums Supermarket, Inc., and the action against the remaining defendants is severed.

The plaintiff stepped into a depression and fell in the parking lot of a shopping center owned by the defendant Saltru Associates Joint Venture doing business as Toys "R" Us (hereinafter Saltru). At the time of the accident, the defendant Waldbaums Supermarket, Inc. (hereinafter Waldbaums), operated a supermarket in the shopping center under a sublease. The plaintiff commenced this action against, among others, Waldbaums and Saltru. Under the terms of the sublease, the lessor retained the obligation to maintain the parking lot and Waldbaums had the right to use the parking lot with other tenants of the shopping center.

Under these circumstances, Waldbaums met its burden as the proponent of the motion for summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557) by establishing as a matter of law that it did not own, occupy, possess, or put to a special use the parking lot where the plaintiff fell, and that it

had no right or obligation to maintain this area (*see, Welwood v Association for Children with Down Syndrome,* 248 AD2d 707; *Millman v Citibank,* 216 AD2d 278). Moreover, there is no evidence that Waldbaums created the alleged dangerous condition which caused the plaintiff's accident. In opposition, the plaintiff failed to raise a triable issue of fact. Friedmann, J.P., McGinity, H. Miller and Cozier, JJ., concur.