■ JOSEPH SCHETTINO et al., Plaintiffs, v NEW YORK METHODIST HOSPITAL, Defendant and Third-Party Plaintiff-Appellant. BARNEY SKANSKA CONSTRUCTION Co. et al., Third-Party Defendants-Respondents. [751 NYS2d 544] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff, New York Methodist Hospital, appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 3, 2002, which granted the motion of the third-party defendant fourth-party plaintiff, Barney Skanska Construction Co., for summary judgment dismissing the third-party complaint and the separate motion of the fourth-party defendant, J.J. Bags Contracting Associates, Inc., for summary judgment dismissing the fourth-party complaint.

Ordered that the appeal from so much of the order as granted the motion of the fourth-party defendant for summary judgment dismissing the fourth-party complaint is dismissed, as the appellant is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant, payable by the appellant.

On April 22, 1997, the injured plaintiff, who was president of the fourth-party defendant, J.J. Bags Contracting Associates, Inc., was working at a construction site behind the Miner Pavillion in the lobby of the defendant third-party plaintiff, New

York Methodist Hospital (hereinafter the Hospital), which was physically walled off from the lobby. As he was leaving the building, he slipped and fell on a portion of the lobby outside the enclosed construction site. He claimed he fell on a wet substance. There was no evidence of where the wet substance came from or how long it was there.

The plaintiffs sued the Hospital to recover damages for personal injuries. The Hospital in turn sued Barney Skansky Construction Co. (hereinafter Barney), the general contractor for the construction project, in a third-party action alleging that Barney failed to maintain a safe workplace, and Barney brought a fourth-party action against the injured plaintiff's company. After issue was joined and depositions conducted, Barney moved for summary judgment based, inter alia, upon deposition testimony. The court granted the motion, and we affirm.

At his examination before trial, Robert Frankel, director of safety for the Hospital, testified that he examined the floor where the accident occurred one-half hour after the accident and found no liquid. He did find white chalk-like footprints coming from the construction area. He believed the footprints were those of the injured plaintiff. A former employee of the Hospital, who examined the floor where the injured plaintiff fell, submitted an affidavit stating that the area where the injured plaintiff fell was dry and clean except for shoe prints or tracks from the injured plaintiff's shoes.

There was no evidence that Barney created a dangerous condition at the site of the accident. Moreover, the evidence established that the accident occurred outside of the construction site, in an area where Barney was not working and over which Barney exercised no dominion and control (*see Feinman v Cantone,* 192 AD2d 577). Ritter, J.P., O'Brien, Goldstein and Townes, JJ., concur.