■ Lizzy Franks et al., Respondents, v G & H Real Estate Holding Corp. et al., Respondents, and Eckerd Corp., Doing Business as Genovese Drug Store, #5514, et al., Appellants. [793 NYS2d 61]—

In an action to recover damages for personal injuries, etc., the defendant Eckerd Corp., doing business as Genovese Drug Store, #5514, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Glover, J.), dated December 8, 2003, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendants Mr. China, Inc., doing business as Mr. China Bridal Registry, and North Shore True Value Hardware separately appeal, as limited by their briefs, from so much of the same order as denied their motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant Eckerd Corp., doing business as Genovese Drug Store, #5514, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and substituting therefor a provision granting that motion; as so modified, the order is affirmed, with one bill of costs to the appellant Eckerd Corp., doing business as Genovese Drug Store, #5514, payable by the defendants North Shore True Value Hardware and Mr. China, Inc., doing business as Mr. China Bridal Registry, the complaint and all cross claims are dismissed insofar as asserted against that defendant, and the action against the remaining defendants is severed.

The plaintiffs commenced this action, inter alia, seeking to recover damages for the injuries sustained by the plaintiff Lizzy Franks when she tripped and fell into a "water depression" in a shopping center parking lot on Northern Boulevard in Little Neck. The plaintiff alleged that each of the defendants leased and operated a store in the shopping center adjacent to the parking lot, and as such, the defendants were all responsible for its maintenance.

As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property (*see Welwood v Association for Children With Down Syndrome*, 248 AD2d 707, 708 [1998]). The motions of the defendants Mr. China, Inc., doing business as Mr. China Bridal Registry and North Shore True Value Hardware for summary judgment dismissing the complaint and all cross claims insofar as asserted against them were properly denied as issues of fact exist as to these defendants' occupancy, control, and maintenance responsibilities of the area in the parking lot where the accident occurred.

However, the motion of the defendant Eckerd Corp., doing business as Genovese Drug Store, #5514, for summary judgment dismissing the complaint and cross claims insofar as asserted against it was improperly denied since its evidentiary submissions demonstrated that it did not have exclusive possession or control of the parking lot and that it had no right or obligation to maintain that area (*see Welwood v Association for Children With Down Syndrome, supra; Millman v Citibank*, 216 AD2d 278 [1995]). In opposition, the plaintiffs failed to come forward with any evidence that this defendant had, or was chargeable with, control of the parking lot or that it actually created the dangerous condition (*see Feinman v Cantone*, 192 AD2d 577 [1993]). Florio, J.P., Santucci, Krausman and Rivera, JJ., concur.