■ BRUCE MORGAN, Appellant, v CHONG KWAN JUN et al., Respondents, et al., Defendants. [817 NYS2d 325]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated June 16, 2004, as granted those branches of the separate cross motions of the defendants Chong Kwan Jun and Page Cleaners, the defendants Page Nail Salon, Inc., Mi Jung Im, sue herein as Mi Jung Zm, the defendant Dance Expo, USA, Inc., the defendants June Delaney, David Delaney, and Petals on Page, Inc., the defendant Chee Soo Ma, also known as Hee Soo Ma, the defendants My World Enterprises and French Twist, Inc., and the defendant Mario Polizzi, which were for summary judgment dismissing the complaint insofar as asserted against them, and denied that branch of his motion which was for leave to enter judgment against the defendant Frank M. Vezzuto upon his default in

answering and (2) an order of the same court, dated October 5, 2004, which denied his motion, in effect, for leave to reargue the prior motion.

Ordered that the appeal from the order dated October 5, 2004 is dismissed, without costs or disbursements, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated June 16, 2004 is modified, on the law, by (1) deleting the provisions thereof granting those branches of the separate cross motions of the defendants Chong Kwan Jun, Page Cleaners, My World Enterprises, Mario Polizzi, June Delaney, David Delaney, and Petals on Page, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying those branches of the cross motions, and (2) deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to enter judgment against the defendant Frank M. Vezzuto upon his default in answering, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was injured while walking to his car in a parking lot at the Page Avenue Shopping Center on Staten Island when his pants leg caught on a rebar protruding from a cement wheel stop and he fell. The parking lot was subject to an easement benefitting the owners of six stores adjacent to the parking lot, several of which leased out their store space. Among these owners were Chong Kwan Jun, Page Cleaners, My World Enterprises, Mario Polizzi, June Delaney, David Delaney, and Petals on Page, Inc. (hereinafter the defendant owners).

"The owners of the dominant estates in the easement are responsible for maintaining and repairing the easement . . . When an easement is created for the benefit of multiple dominant tenements, all owners are mutually burdened with the construction, maintenance, and repairs of the subject property" (*Raksin v Crown-Kingston Realty Assoc.*, 254 AD2d 472, 473 [1998]). Thus, the defendant owners, as owners of the dominant estates in the easement, had a responsibility to maintain the parking lot.

Furthermore, the defendant owners were not entitled to summary judgment on the ground that they lacked constructive notice of the exposed rebar which caused the accident. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit a defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67

NY2d 836, 837 [1986]). In opposition to the prima facie showing of entitlement to judgment as a matter of law on the issue of notice, the plaintiff raised a triable issue of fact by submitting photographs and an expert affidavit, from which a jury could find that the rebar was exposed for a sufficient period of time for it to have been discovered and remedied (*see DeGruccio v 863 Jericho Turnpike Corp.*, 1 AD3d 472 [2003]).

The defendant tenants, Page Nail Salon, Inc., Mi Jung Im, sued herein as Mi Jung Zm, Dance Expo, USA, Inc., Chee Soo Ma, also known as Hee Soo Ma, and French Twist, Inc. (hereinafter the defendant tenants), were entitled to summary judgment dismissing the complaint insofar as asserted against them, since they established, as a matter of law, that they did not own, occupy, control, or put to a special use the parking lot, nor did they have any right or obligation to maintain that area (*see DePompo v Waldbaums Supermarket*, 291 AD2d 528, 528 [2002]). In opposition, the plaintiff failed to produce evidence that the defendant tenants had, or were chargeable with, control over the parking lot, or that they created the dangerous condition (*see Franks v G & H Real Estate Holding Corp.*, 16 AD3d 619, 620 [2005]).

The plaintiff was entitled to enter judgment against the defendant Frank M. Vezzuto, who failed to answer the complaint and submitted no opposition to that branch of the plaintiff's motion which was for leave to enter judgment against him (*see Freulich-Woodruff v B.A. Auto Repair, Inc.*, 14 AD3d 593 [2005]).

The parties' remaining contentions are without merit. Florio, J.P., Miller, Adams and Skelos, JJ., concur.