■ STEVEN ELLERS et al., Appellants, v HORWITZ FAMILY LIMITED PARTNERSHIP et al., Respondents. [831 NYS2d 417]—

In an action to recover damages for personal injuries, etc., the

plaintiffs appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Nassau County (Mahon, J.), entered May 17, 2005, and (2) so much of an amended order of the same court entered June 7, 2005 as granted those branches of the separate motions of the defendants Sharon Adar and Countryside Montessori School, Inc., the defendants Allstate Insurance Company, Roger Chizever, and Roger Chizever Agency, Inc., the defendant Horwitz Family Limited Partnership, the defendants Parker-Ziering, Inc., and Jeani Ziering, doing business as Ziering Interiors, and the defendant Steven H. Panzik, doing business as Powerhouse Pilates, which were for summary judgment dismissing the complaint insofar as asserted against each of them, and granted that branch of the motion of the defendants United Services, Ted Horowitz, and William McLaren, which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal from the order entered May 17, 2005 is dismissed, as that order was superseded by the amended order entered June 7, 2005; and it is further,

Ordered that the order entered June 7, 2005 is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Parker-Ziering, Inc., and Jeani Ziering, doing business as Ziering Interiors, which was for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs, payable by the plaintiffs, is awarded to the defendants Sharon Adar and Countryside Montessori School, Inc., the defendants Allstate Insurance Company, Roger Chizever, and Roger Chizever Agency, Inc., the defendant Horwitz Family Limited Partnership, and the defendants United Services, Ted Horowitz, and William McLaren, appearing separately and filing separate briefs, and one bill of costs is awarded to the plaintiffs, payable by the defendants Parker-Ziering, Inc., and Jeani Ziering, doing business as Ziering Interiors.

"As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property" (*Franks v G & H Real Estate Holding Corp.*, 16 AD3d 619, 620 [2005]). The Supreme Court properly granted those branches of the separate motions of the defendants Sharon Adar and Countryside Montessori School, Inc., the defendants Allstate Insurance Company, Roger Chizever, and Roger Chizever Agency, Inc., the defendant Ste-

ven H. Panzik, doing business as Powerhouse Pilates, and the defendants United Services, Ted Horowitz, and William McLaren, which were for summary judgment dismissing the complaint insofar as asserted against each of them, as those defendants demonstrated, as a matter of law, that they did·not own, occupy, control, put to a special use, or have any right or obligation to maintain the parking lot where the accident occurred (*see Morgan v Chong Kwan Jun*, 30 AD3d 386, 388 [2006]; *Marrone v South Shore Props.*, 29 AD3d 961, 963 [2006]; *Franks v G & H Real Estate Holding Corp., supra; Warren v Wilmorite, Inc.*, 211 AD2d 904 [1995]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Furthermore, the Supreme Court properly granted that branch of the motion of the defendant Horwitz Family Limited Partnership (hereinafter the Horwitz Family) which was for summary judgment dismissing the complaint insofar as asserted against it. The Horwitz Family demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it was an out-of-possession landlord with no retention of control, and that it was not contractually obligated to maintain the parking lot where the accident occurred (*see Couluris v Harbor Boat Realty, Inc.*, 31 AD3d 686, 687 [2006]; *Phillips v Sinba Assoc.*, 296 AD2d 389 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact.

However, the Supreme Court erred in granting that branch of the motion of the defendants Parker-Ziering, Inc., and Jeani Ziering, doing business as Ziering Interiors (hereinafter collectively Ziering Interiors), which was for summary judgment dismissing the complaint insofar as asserted against them, as Ziering Interiors failed to establish its entitlement to judgment as a matter of law. The lease between the Horwitz Family and Ziering Interiors provided that Ziering Interiors was to "perform the work necessary to keep the parking lot free of ice, snow and debris." Therefore, there exists a triable issue of fact as to whether Ziering Interiors exercised control over the maintenance of the parking lot (*see Franks v G & H Real Estate Holding Corp., supra*).

Furthermore, Ziering Interior's reliance on the "storm in progress" rule (*see e.g. Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972 [1994]; *Lee-Pack v 1 Beach 105 Assoc., LLC*, 29 AD3d 644 [2006]; *Arcuri v Vitolo*, 196 AD2d 519 [1993]) is misplaced. There exists a material issue of fact as to whether the icy condition which allegedly caused the injured plaintiff to fall was the product of the rain falling at the time of the incident or the snow that had fallen during the prior two days (*see Calix v New*

*York City Tr. Auth.,* 14 AD3d 583, 584 [2005]; *Tucciarone v Windsor Owners Corp.,* 306 AD2d 162, 163 [2003]; *Powell v MLG Hillside Assoc.,* 290 AD2d 345 [2002]; *Nikolic v Valley Stream Cent. High School Dist.,* 240 AD2d 551 [1997]; *Boyko v Limowski,* 223 AD2d 962 [1996]). Therefore, Ziering Interiors failed to establish, as a matter of law, that it lacked constructive notice of the icy condition (*see Nikolic v Valley Stream Cent. High School Dist., supra* at 552; *Boyko v Limowski, supra* at 964).

The parties' remaining contentions either are without merit or have been rendered academic. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.