ERNEST SALERNO, Respondent, v LIVIO ODOARDI et al., Appellants. [838 NYS2d 156]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester

County (Rudolph, J.), dated March 14, 2006, as granted those branches of the plaintiff's motion which were for summary judgment on the cause of action alleging breach of contract and to dismiss their counterclaim for reformation pursuant to CPLR 3211, and (2) from a judgment of the same court dated April 24, 2006, which, upon the order, is in favor of the plaintiff and against them in the principal sum of $61,761.95.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order dated March 14, 2006 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The court properly granted summary judgment to the plaintiff on his cause of action alleging breach of contract. "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). If the language of the agreement is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence (*see Katina, Inc. v Famiglietti*, 306 AD2d 440, 441 [2003]). A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the agreement itself, and there is no reasonable basis for a difference of opinion (*see Greenfield v Philles Records, supra* at 569).

Here, the plaintiff established his prima facie entitlement to summary judgment by demonstrating that the terms of the letter agreement and stock purchase agreement governing the sale of his ownership interest in the defendant Nanuet Chrysler Plymouth Jeep Eagle, Inc. (hereinafter Nanuet Chrysler), an automobile dealership, clearly and unambiguously entitled him to 50% of the total proceeds received by Nanuet Chrysler as a settlement in an unrelated lawsuit (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In response, the defendants failed to raise a triable issue of fact as to whether the plaintiff's entitlement to 50% of the litigation proceeds was subject to deductions or offsets.

The defendants' remaining contentions are, in part, improp-

erly raised for the first time on appeal (*see Rotundo v S & C Magnetic Resonance Imaging,* 255 AD2d 573, 574 [1998]) and, in any event, without merit. Rivera, J.P., Spolzino, Florio and Angiolillo, JJ., concur. [*See* 11 Misc 3d 1085(A), 2006 NY Slip Op 50707(U) (2006).]