■ MARYANN CASALE, Appellant, v BROOKDALE MEDICAL ASSOCIATES et al., Respondents, et al., Defendants. [841 NYS2d 126]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated May 30, 2006, which granted the separate motions of the defendants BHMC Enterprises, Inc., sued herein as Brookdale Medical Associates, and Budget Wines & Liquors, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

"[T]he imposition of liability for a dangerous condition on property must be predicated upon occupancy, ownership, control, or special use of the premises" (*James v Stark*, 183 AD2d 873, 873 [1992]; *see Ellers v Horwitz Family Ltd. Partnership*, 36 AD3d 849, 850-851 [2007]; *Schwalb v Kulaski*, 29 AD3d 563 [2006]; *Welwood v Association for Children With Down Syndrome*, 248 AD2d 707 [1998]). In this case, the plaintiff allegedly slipped and fell in a parking lot adjacent to a building owned by the defendant Budget Wines & Liquors, Inc. (hereinafter Budget), and leased to the defendant BHMC Enterprises, Inc., sued herein as Brookdale Medical Associates (hereinafter Brookdale). In support of their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, both Budget and Brookdale demon-

strated that they did not own, occupy, control, or make special use of the parking lot in which the accident occurred. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted summary judgment in favor of Budget and Brookdale, dismissing the complaint and all cross claims insofar as asserted against them.

The parties' remaining contentions are without merit. Prudenti, P.J., Mastro, Angiolillo and Dickerson, JJ., concur.