■ BRENDA PEARSON, Plaintiff, v PARKSIDE LIMITED LIABILITY COMPANY, Defendant, and MARSHALL WEINERMAN REAL ESTATE, INC., Defendant and Third-Party Plaintiff-Appellant. RE-ANNA, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [843 NYS2d 442]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered October 10, 2006, as denied its cross motion for summary judgment on the third-party complaint insofar as asserted against the third-party defendant Re-Anna, Inc., and granted the motion of the third-party defendant Re-Anna, Inc., for summary judgment dismissing the third-party complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the third-party defendant Re-Anna, Inc., for summary judgment dismissing the third-party complaint insofar as asserted against it and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly slipped and fell on ice on a rear sidewalk adjoining premises leased to the third-party defendant

Re-Anna, Inc. (hereinafter Re-Anna), in a commercial plaza managed by the defendant third-party plaintiff, Marshall Weinerman Real Estate, Inc. (hereinafter MWRE). The plaintiff commenced this action against the defendant Parkside Limited Liability Company, the owner of the plaza (hereinafter the owner), and MWRE. MWRE commenced a third-party action seeking, inter alia, common-law and contractual indemnification or contribution from Re-Anna, based on a provision of Re-Anna's lease which purported to obligate Re-Anna to keep the sidewalks adjoining the leased premises clear of snow, ice, and trash.

Re-Anna moved to dismiss the third-party complaint insofar as asserted against it and MWRE cross-moved for summary judgment on the third-party complaint insofar as asserted against Re-Anna. Upon the granting of the separate motions of the defendants for summary judgment dismissing the complaint, the Supreme Court denied the motion of Re-Anna and the cross motion of MWRE as academic. However, on appeal, this court reversed the order of the Supreme Court and reinstated the complaint (*see Pearson v Parkside Ltd. Liab. Co.*, 27 AD3d 539 [2006]). Re-Anna then moved for summary judgment dismissing the third-party complaint insofar as asserted against it, and MWRE cross-moved for summary judgment on the third-party complaint insofar as asserted against Re-Anna. The Supreme Court granted Re-Anna's motion and denied MWRE's cross motion. MWRE appeals. We modify and deny Re-Anna's motion.

Whether a contract is ambiguous is a question of law (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]). "The test for determining whether contract language is ambiguous is 'whether the agreement on its face is reasonably susceptible of more than one interpretation' " (*McCabe v Witteveen*, 34 AD3d 652, 654 [2006], quoting *Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]). Here, the lease between Re-Anna and the owner is ambiguous as to which party bore the responsibility to remove snow and ice from the rear sidewalk.

Pursuant to article 7.01 of the lease, the owner, as landlord, is obligated to "operate, manage, equip, light, repair and maintain" the so-called "Common Areas." Pursuant to "Exhibit C" of the lease, entitled "Rules and Regulations," which was incorporated into the lease by article 14.01 thereof, rule No. 6 provides that "sidewalks immediately adjoining the premiss [*sic*] . . . shall be kept clean and free from snow, ice, dirt, and rubbish" by Re-Anna, as the tenant. Pursuant to the conflict provision of article 14.01 of the lease, if the rules and regula-

tions conflict with or are inconsistent with the lease, then the provisions of the lease govern. It is unclear from the face of the lease whether or not the owner's obligation pursuant to article 7.01 of the lease included the removal of snow and ice from the rear sidewalk where the plaintiff fell. Accordingly, extrinsic evidence is permissible to prove the intent of the parties as to the removal of snow and ice in the subject area (see South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272 [2005]; Greenfield v Philles Records, 98 NY2d 562, 569 [2002]).

In addition, the deposition testimony submitted by the parties on the motion and cross motion was inconclusive and did not resolve the question of the parties' intent. It is undisputed that the third-party defendant Bermeo Landscaping (hereinafter Bermeo) was hired by the defendants to perform maintenance activities at the plaza which included maintaining the parking lot and common areas. Bermeo's principal testified that he routinely cleared snow and ice from the sidewalks in the front of the plaza, and kept materials on site for that purpose. However, he also testified that he was not engaged to remove snow or ice from the rear sidewalk and that he observed the tenants cleaning that area themselves. However, Brady, a principal of Re-Anna, testified that she heard shoveling in the back immediately after she observed Bermeo shoveling in the front. Moreover, a principal of MWRE testified on behalf of the owner that Bermeo "would take care of" the sidewalks "completely surrounding the building." Thus, there exists a triable issue of fact regarding whether the landlord or tenant was responsible under the lease to remove snow and ice from the rear sidewalk precluding summary judgment for either movant (see Ellers v Horwitz Family Ltd. Partnership, 36 AD3d 849, 851 [2007]; Franks v G & H Real Estate Holding Corp., 16 AD3d 619, 620 [2005]; cf. Morgan v Chong Kwan Jun, 30 AD3d 386, 388 [2006]; Marrone v South Shore Props., 29 AD3d 961, 963 [2006]).

MWRE's remaining contention is without merit (see Matter of One Beacon Ins. Co. v Espinoza, 37 AD3d 607, 608 [2007]; Bono v Cucinella, 298 AD2d 483, 484 [2002]). Schmidt, J.P., Goldstein, Skelos and Fisher, JJ., concur.