■ Ray Vuono, Appellant-Respondent, v Interpharm Holdings, Inc., Formerly Known as Atec Group, Inc., Respondent-Appellant. [865 NYS2d 676]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1) from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated March 29, 2007, as granted, in part, the defendant's motion to dismiss the complaint, and (2) an order of the same court dated December 17, 2007, which denied the plaintiff's cross motion to disqualify the defendant's counsel, and the defendant cross-appeals from stated portions of the order dated March 29, 2007.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order dated March 29, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated December 17, 2007 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Where the language of a contract is clear and unambiguous, extrinsic evidence is not permitted to determine the parties' intent as to the meaning of that language (*see Greenfield v Philles Records,* 98 NY2d 562, 569 [2002]; *Chimart Assoc. v Paul,* 66 NY2d 570, 572-573 [1986]; *cf. Pearson v Parkside Ltd. Liab. Co.,* 44 AD3d 833, 834 [2007]). Contrary to the plaintiff's contentions, the language in the parties' agreement dated October 16, 2002 clearly and unambiguously waived his right to any finder's fee with respect to the acquisition of the defendant. Accordingly, based upon that language, the Supreme Court properly dismissed the plaintiff's claims for finder's fees in connection with the acquisition for failure to state a cause of action (*see White v Continental Cas. Co.,* 9 NY3d 264, 267 [2007]; *Greenfield v Philles Records,* 98 NY2d at 569; *Salerno v Odoardi,* 41 AD3d 574, 575 [2007]).

Additionally, the plaintiff failed to meet his burden of showing that the defendant's counsel should be disqualified either because of a conflict of interest (*see Jamaica Pub. Serv. Co. v AIU Ins. Co.,* 92 NY2d 631, 636-639 [1998]; *Tekni-Plex, Inc. v Meyner & Landis,* 89 NY2d 123, 131 [1996]; *Calandriello v Calandriello,* 32 AD3d 450, 451 [2006]) or because one of the firm's members was needed to testify as a witness in the instant action (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 446 [1987]). Accordingly, the Supreme Court also providently exercised its discretion in denying the plaintiff's cross motion (*see Goldstein v Held,* 52 AD3d 471 [2008]; *Bentvena v Edelman,* 47 AD3d 651 [2008]). Rivera, J.P.,

Spolzino, Florio and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 30505(U).]