██ Zaair Nafiz Abdal Wali et al., Appellants, v City of New York, Respondent, et al., Defendants. [898 NYS2d 202]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Miller, J.), entered October 24, 2008, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[L]iability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property" (*Franks v G & H Real Estate Holding Corp.*, 16 AD3d 619, 620 [2005]; *see Casale v Brookdale Med. Assoc.*, 43 AD3d 418, 418 [2007]; *Schwalb v Kulaski*, 29 AD3d 563, 563 [2006]). The plaintiffs commenced this action to recover damages for personal injuries, alleging, inter alia, that the infant plaintiff Zaair Nafiz Abdal Wali (hereinafter the infant plaintiff) was exposed to lead-based paint in a building that was owned, managed, maintained, and controlled by the City of New York. The City demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it neither owned, occupied, controlled, nor made a special use of the building in which the infant plaintiff allegedly was injured by his exposure to lead. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Miller, Austin and Roman, JJ., concur. **[Prior Case History: 22 Misc 3d 478.]**