■ GINA DELGARDIO et al., Respondents, v JOSE DAVIS et al., Respondents, and ISLAND CONDO MANAGEMENT CORP., Appellant. [926 NYS2d 919]—

The plaintiffs rented a first floor condominium unit from its individual owner. The unit above the plaintiffs' apartment was owned by the defendants Jose Davis and Betty Davis (hereinafter together the Davis defendants), who had a washer and dryer in their unit, which they owned and maintained. The Davis defendants' washing machine hose broke, allegedly causing a flood

in the plaintiffs' apartment. As a result, the plaintiffs commenced this action against, among others, the defendant Island Condo Management Corp. (hereinafter Island Condo), which managed the condominium complex.

Liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property (*see Wali v City of New York*, 71 AD3d 1134 [2010]; *Kydd v Daarta Realty Corp.*, 60 AD3d 997 [2009]; *Livichusca v M & T Mtge. Co.*, 49 AD3d 822 [2008]). The defendant Island Condo established its entitlement to judgment as a matter of law by demonstrating, prima facie, that it did not own, use, control, or make special use of the Davis defendants' unit and that it had no duty to maintain the Davis defendants' washing machine, including its hose (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, no triable issue of fact was raised (*id.*). Accordingly, the Supreme Court should have granted Island Condo's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.