■ Adam Strauss, as Administrator of the Estate of Steven Strauss, Deceased, Appellant, v Thomas Paul Homes, Inc., De-

fendant, and UNITED VETERANS BEACON HOUSE, Respondent. [930 NYS2d 476]—

The defendant United Veterans Beacon House (hereinafter United Veterans) provides support services, including housing, to veterans and their families. Pursuant to an agreement between United Veterans and the defendant Thomas Paul Homes, Inc. (hereinafter Thomas Paul), United Veterans refers veterans to premises owned by Thomas Paul (hereinafter the premises), at which rooms are rented to veterans who suffer from various disorders and other conditions, such as substance abuse. The plaintiff alleged that his deceased father, Steven Strauss (hereinafter the plaintiff's decedent), was a resident of the premises, when, on January 4, 2006, he slipped on a watery substance, then tripped and fell when his foot became caught in a raised and buckled floor board in the area outside his room.

"[T]he imposition of liability for a dangerous condition on property must be predicated upon occupancy, ownership, control, or special use of the premises" (*James v Stark*, 183 AD2d 873, 873 [1992]; *see Ellers v Horwitz Family Ltd. Partnership*, 36 AD3d 849 [2007]). In support of its motion for summary judgment, United Veterans demonstrated, as a matter of law, that it did not own, occupy, control, put to a special use, or have any right or obligation to maintain the premises. Accordingly, United Veterans could not be held liable for any injuries allegedly caused by a dangerous or a defective condition on the premises (*see Ellers v Horwitz Family Ltd. Partnership*, 36 AD3d 849 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court correctly granted United Veterans' motion for summary judgment dismissing the complaint insofar as asserted against it. Angiolillo, J.P., Hall, Cohen and Miller, JJ., concur.