■ Nekesha Moore et al., Respondents, v City of Yonkers et al., Defendants, and New York Ladder & Scaffold Corp.,

Defendant/Third-Party Plaintiff-Appellant. CONSOLIDATED EDISON COMPANY OF NEW YORK, Third-Party Defendant. [938 NYS2d 344]—

The plaintiff Nekesha Moore allegedly was injured when she tripped and fell in a sidewalk depression in front of property owned by the defendant 1225 Yonkers Ave. Realty Corp. and leased by the defendant 1225 Launderie Corp.

The tenant of the property previously had contracted with the defendant-third-party plaintiff New York Ladder & Scaffold Corp. (hereinafter NY Ladder) for the rental and installation of a sidewalk shed to shield the public sidewalk abutting the subject premises from any debris which might fall from a building on the property that had been damaged in a fire. Thereafter, a crew of workers from the third-party defendant Consolidated Edison Company of New York, Inc. (hereinafter Con Ed) had removed a section of the sidewalk in order to cap the gas service to the building. The plaintiffs do not dispute that the Con Ed workers left the subject depression in the sidewalk as a result of the manner in which they back-filled the excavated portion of the sidewalk.

Contrary to the determination of the Supreme Court, NY Ladder demonstrated its prima facie entitlement to summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it by establishing that it owed the injured plaintiff no duty of care with regard to the sidewalk by reason of its contract with the tenant of the subject premises (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139-141 [2002]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 213-214 [2010]). In opposition to the motion, the plaintiffs failed to raise

a triable issue of fact. NY Ladder's limited contractual undertaking was not a comprehensive and exclusive property maintenance obligation intended to displace the owner's or tenant's duty to safely maintain the area (*see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588 [1994]; *Spitzer v Tranese*, 72 AD3d 674, 675 [2010]), nor could NY Ladder be held liable pursuant to a special use theory with regard to the sidewalk (*see Kaufman v Silver*, 90 NY2d 204, 207-208 [1997]; *Strauss v Thomas Paul Homes, Inc.*, 88 AD3d 688, 689 [2011]; *Delgardio v Davis*, 86 AD3d 589, 590 [2011]).

Moreover, the plaintiffs did not allege that the sidewalk shed erected by NY Ladder created a dangerous or defective sidewalk condition so as to launch an instrumentality of harm (*cf. Anastasio v Berry Complex, LLC*, 82 AD3d 808, 809 [2011]; *Phillips v Seril*, 209 AD2d 496 [1994]), nor is there any suggestion that the sidewalk shed directed the injured plaintiff toward the sidewalk depression (*see Roimesher v Colgate Scaffolding & Equip. Corp.*, 77 AD3d 425, 426 [2010]).

Furthermore, even if the plaintiffs had succeeded in establishing that NY Ladder owed them a duty of care under the circumstances, NY Ladder demonstrated that it had no actual or constructive notice of the sidewalk condition, and the plaintiff failed to raise a triable issue of fact in opposition to that showing. Mastro, A.P.J., Angiolillo, Eng and Cohen, JJ., concur.