CHAYA RINBERG et al., Appellants, v RGI PROPERTIES, INC., et al., Defendants, and CHAPEL HILL ESTATES HOMEOWNERS ASSOCIATION, INC., Respondent. [942 NYS2d 819]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered September 7, 2010, as, upon reargument, in effect,

vacated so much of an order of the same court entered March 18, 2010, as denied that branch of the motion of the defendant Chapel Hill Estates Homeowners Association, Inc., which was for summary judgment dismissing the complaint insofar as assert against it, and thereupon granted that branch of the motion.

Ordered that the order entered September 7, 2010, is affirmed insofar as appealed from, with costs.

The plaintiff Chaya Rinberg (hereinafter the injured plaintiff) alleged that on October 10, 2006, she slipped and fell on wet grass in a common area located outside of her condominium unit within the Hillside at Chapel Hill, which is one of six subdivisions within the Chapel Hill Estates complex in Peekskill. The injured plaintiff, and her husband, suing derivatively, commenced this action to recover damages from, among others, the defendant Chapel Hill Estates Homeowners Association, Inc. (hereinafter the Association).

The Association established its prima facie entitlement to judgment as a matter of law by demonstrating that it had no duty to maintain the area where the injured plaintiff allegedly fell (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Pulka v Edelman*, 40 NY2d 781 [1976]; *Delgardio v Davis*, 86 AD3d 589 [2011]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court, upon reargument, in effect, properly vacated so much of its prior order as denied that branch of the Association's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and thereupon properly granted that branch of the motion. Angiolillo, J.P., Belen, Lott and Miller, JJ., concur.