■ JEANNE SERVO, Respondent, v BANK OF NEW YORK, Appellant, and 501 SOUTH MAIN STREET CORP. et al., Respondents. (And a Third-Party Action.) [946 NYS2d 194]—

In an action to recover damages for personal injuries, the defendant Bank of New York appeals from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated April 27, 2011, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Bank of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff allegedly was injured when she tripped on a sidewalk near the entrance of a building owned by the defendant 501 South Main Street Corp. (hereinafter the owner). The defendant Bank of New York (hereinafter the appellant), which

leased the ground floor of the building, met its prima facie burden of establishing that it owed no duty to the plaintiff. In support of its motion for summary judgment, the appellant submitted evidence, including the lease between the appellant and the owner, which demonstrated that the owner was responsible for maintaining the sidewalk and that the appellant had no control over or duty to maintain it (*see Hahn v Wilhelm*, 54 AD3d 896 [2008]; *DePompo v Waldbaums Supermarket*, 291 AD2d 528 [2002]; *Morrison v Gerlitzky*, 282 AD2d 725 [2001]; *Discini v Richgold Assoc.*, 272 AD2d 366 [2000]). Further, the appellant demonstrated that it did not create the alleged dangerous condition or assume a duty of care to the plaintiff (*cf. Gauthier v Super Hair*, 306 AD2d 850 [2003]). In opposition, no triable issue of fact was raised.

The respondents' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.