Guzman v Jamaica Hosp. Med. Ctr. (2018 NY Slip Op 05143)





Guzman v Jamaica Hosp. Med. Ctr.


2018 NY Slip Op 05143


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2015-12189
 (Index No. 20876/13)

[*1]Erick Guzman, plaintiff-respondent, 
v
Jamaica Hospital Medical Center, et al., defendants-respondents, Welcome Parking Limited Liability Company, also known as Welcome Parking, LLC, appellant (and a third-party action).


Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for appellant.
Jeffrey K. Kestenbaum, Brooklyn, NY, for plaintiff-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for defendants-respondents Jamaica Hospital Medical Center and Medisys Health Network, Inc.
Maroney O'Connor LLP, New York, NY (Ross T. Herman of counsel), for defendant-respondent Barr & Barr, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Welcome Parking Limited Liability Company, also known as Welcome Parking, LLC, appeals from an order of the Supreme Court, Queens County (Duane A. Hart, J.), entered August 31, 2015. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Welcome Parking Limited Liability Company, also known as Welcome Parking, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
The plaintiff allegedly fell and sustained injuries in a parking garage owned by the defendant Jamaica Hospital Medical Center (hereinafter Jamaica Hospital) and managed by the defendant Welcome Parking Limited Liability Company, also known as Welcome Parking, LLC (hereinafter Welcome Parking). The plaintiff commenced this action to recover damages for personal injuries, alleging that excess concrete on the floor and inadequate lighting caused the accident. Welcome Parking moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion, and Welcome Parking appeals.
As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property (see Ellers v Horwitz Family Ltd. Partnership, 36 AD3d 849). The existence of one or more of these elements is sufficient to give rise to a duty to exercise reasonable care (see Nappi v Incorporated Vil. of Lynbrook, 19 AD3d 565).
Here, Welcome Parking established its prima facie entitlement to judgment as a matter of law by its submissions, which demonstrated that it was not in exclusive possession of the parking garage, and that it had no obligation or right to perform repairs to the lights or the concrete in the parking garage. Moreover, there was no evidence that Welcome Parking created the condition that allegedly caused the plaintiff's accident. Under these circumstances, Welcome Parking owed the plaintiff no duty of care to maintain or repair the lights or the concrete, and may not be held liable for permitting the existence of a dangerous condition (see Millman v Citibank, 216 AD2d 278). In opposition, the plaintiff and Jamaica Hospital failed to raise a triable issue of fact (see Guerra v St. Catherine of Sienna, 79 AD3d 808).
Accordingly, the Supreme Court should have granted Welcome Parking's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court