Dalpiaz v McGuire (2019 NY Slip Op 07235)





Dalpiaz v McGuire


2019 NY Slip Op 07235


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-01909
 (Index No. 4299/15)

[*1]Monet Dalpiaz, appellant,
v
Karen D. McGuire, et al., respondents.


Bornstein & Emanuel, P.C. (Paul D. Creinis, Brooklyn, NY, of counsel), for appellant.
Gerber Ciano Kelly Brady LLP, Garden City, NY (Matthew S. Libroia of counsel), for respondent Karen D. McGuire.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Patrick J. Lawless and George Tompkins III of counsel), for respondent Starbucks Corporation.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated December 13, 2017. The order, insofar as appealed from, granted those branches of the separate motions of the defendants which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On the morning of August 10, 2013, the plaintiff allegedly tripped and fell in a pothole located in a parking lot abutting premises in Suffolk County owned by the defendant Karen D. McGuire and leased to the defendant Starbucks Corporation. The plaintiff subsequently commenced this personal injury action against the defendants. The defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court awarded the defendants summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff appeals.
"Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property" (Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600-601). "In the absence of ownership, occupancy, control, or special use, a party generally cannot be held liable for injuries caused by the dangerous or defective condition of the property'" (Bartlett v City of New York, 169 AD3d 629, 630, quoting Ruffino v New York City Tr. Auth., 55 AD3d 819, 820; see Casale v Brookdale Med. Assoc., 43 AD3d 418).
A landowner has a duty to maintain his or her property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241). "However, as a general matter, an owner owes no duty to warn or to protect others from a defective or dangerous condition on neighboring premises, unless the owner had created or contributed to it" (Galindo v Town of Clarkstown, 2 NY3d 633, 636).
Here, McGuire submitted evidence sufficient to establish, prima facie, that she did not own the parking lot where the accident occurred and that she did not create the alleged defect that caused the plaintiff to fall (see Lauer v Great S. Bay Seafood Co., 299 AD2d 325, 327; see also Casale v Brookdale Med. Assoc., 43 AD3d at 418-419; Rodgers v City of New York, 34 AD3d 555, 556). In opposition, the plaintiff failed to raise a triable issue of fact.
With respect to Starbucks Corporation, it submitted evidence sufficient to establish, prima facie, that it did not own, occupy, control, or make special use of the parking lot where the accident occurred, and that it cannot be held liable for the plaintiff's alleged injuries (see Quick v G.G.'s Pizza & Pasta, Inc., 53 AD3d 535, 536; Casale v Brookdale Med. Assoc., 43 AD3d at 418-419; Morgan v Chong Kwan Jun, 30 AD3d 386, 388). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to award the defendants summary judgment dismissing the complaint insofar as asserted against each of them.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court