Matter of K.G. v City of New York (2020 NY Slip Op 04943)





Matter of K.G. v City of New York


2020 NY Slip Op 04943


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2019-00104
 (Index No. 516260/18)

[*1]In the Matter of K. G. (Anonymous), etc., petitioner-respondent, 
v
City of New York, appellant, et al., respondent.


James E. Johnson, Corporation Counsel, New York, NY (Fay S. Ng and Janet L. Zaleon of counsel), for appellant.
Levy Konigsberg LLP, New York, NY (Corey M. Stern and Renner K. Walker of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the City of New York appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated October 23, 2018. The order granted the petition.
ORDERED that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
In July 2012, K.G. (hereinafter the infant petitioner), at a time while he was residing with his mother in an apartment building owned and operated by the New York City Housing Authority (hereinafter NYCHA), was found to have elevated blood lead levels. In August 2018, the infant petitioner's mother commenced this proceeding on his behalf for leave to serve a late notice of claim on the City of New York. The Supreme Court granted the petition. The City appeals.
"Pursuant to General Municipal Law § 50-e(5), a court may, in its discretion, extend the time to serve a notice of claim (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 535; Matter of Ramirez v City of New York, 148 AD3d 908, 908). The purpose of the notice of claim is to provide municipalities timely notice so that they can investigate, collect evidence, and evaluate the merits of the claim while the facts are still fresh (see Rosenbaum v City of New York, 8 NY3d 1; Brown v City of New York, 95 NY2d 389)" (Matter of O'Dowd v Jericho Fire Dept., 161 AD3d 981, 982). " Ordinarily, the courts will not delve into the merits of an action on an application for leave to serve and file a late notice of claim' (Matter of Brown v New York City Hous. Auth., 39 AD3d 744, 745; see Matter of Channel Mar. Sales, Inc. v City of New York, 75 AD3d 600, 601). However, permission to file a late notice of claim is properly denied where the underlying claim is patently meritless' (Matter of Ramirez v City of New York, 148 AD3d at 909, quoting Matter of Catherine G. v County of Essex, 3 NY3d 175, 179)" (Matter of Kmiotek v Sachem Cent. Sch. Dist., 176 AD3d 1063, 1064-1065).
Here, the Supreme Court should have denied the petition on the ground that the claim, insofar as asserted against the City, is patently meritless. "Liability for a dangerous condition on real [*2]property must be predicated upon ownership, occupancy, control, or special use of the property" (Delgardio v Davis, 86 AD3d 589, 590; see Wali v City of New York, 71 AD3d 1134). It is undisputed that the apartment building in which the infant petitioner resided at the time of his injury was owned and operated by NYCHA, an entity which is separate from the City (see Wali v City of New York, 71 AD3d 1134). Furthermore, there is no basis for finding that the City owed the infant petitioner a duty based upon a special relationship between them (see Pelaez v Seide, 2 NY3d 186).
DILLON, J.P., CHAMBERS, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court