■ FRANK H. JAMES et al., Appellants, v JEFFREY STARK et al., Respondents, et al., Defendants. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Collins, J.), entered July 9, 1990, which granted the motion of the defendant Jeffrey Stark for summary judgment dismissing the complaint insofar as it is asserted against him, and granted the cross motion of the defendants John Lucas and J.G.K. Properties, Inc., for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff sustained personal injuries when he allegedly tripped over the cover of a traffic control box which was not level with the surrounding grade. It is well established that the imposition of liability for a dangerous condition on property must be predicated upon occupancy, ownership, control, or special use of the premises (see, Balsam v Delma Eng'g Corp., 139 AD2d 292, 296). Survey records and the testimony of the plaintiff Frank H. James establish that the site of the plaintiff's accident was outside the defendant Stark's property line. The record also establishes that the County of Nassau, which conducted monthly inspections and which undertook post-accident repair work so as to eliminate the defect which allegedly caused the plaintiff's injuries, exercised control over the site (see, Scudero v Campbell, 288 NY 328). We further note that any liability of J.G.K. Properties for the existence of a dangerous condition on the real property conveyed to Stark ceased upon the transfer (see, Kilmer v White, 254 NY 64; Merrick v Murphy, 83 Misc 2d 39).

In view of the foregoing, there exists no triable issue of fact warranting denial of summary judgment *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Sherman v Town of Rhinebeck,* 133 AD2d 77). Mangano, P. J., Sullivan, Harwood and O'Brien, JJ., concur.