■ Bernice H. Katz, Respondent, v Queens Theater in the Park, Appellant, et al., Defendants. [811 NYS2d 446]—

In an action to recover damages for personal injuries, the defendant Queens Theater in the Park appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated January 12, 2005, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against, among others, the defendant Queens Theater in the Park (hereinafter the appellant), a cultural institution that received a license from the City of New York to carry out cultural programming at a theater in Flushing Meadow Park, after tripping over a hole on a path that led directly to the theater.

A defendant's liability for an injury caused by a dangerous or defective condition must be predicated upon the defendant's occupancy, ownership, control, or special use of the premises (*see James v Stark,* 183 AD2d 873 [1992]).

The appellant established its prima facie entitlement to judg-

ment as a matter of law by demonstrating that the path on which the plaintiff was injured was not under its control (*see James v Stark, supra; see also Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). However, the evidence produced by the plaintiff, including a section of a license agreement between the appellant and the City of New York that placed certain maintenance obligations with the appellant together with the deposition testimony of the Program Officer for the defendant Department of Cultural Affairs, raised triable issues of fact as to whether the appellant occupied, controlled, or maintained the path in question (*see James v Stark, supra; see also Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Accordingly, the appellant was not entitled to summary judgment dismissing the complaint insofar as asserted against it. Adams, J.P., Ritter, Santucci and Lifson, JJ., concur.