PATRICIA MARRONE, Respondent, v SOUTH SHORE PROPERTIES, Appellant-Respondent, and CVS PHARMACY, INC., Respondent-Appellant. (And a Third-Party Action.) [816 NYS2d 530]—

In an action to recover damages for personal injuries, the defendant South Shore Properties appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated April 21, 2005, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and the defendant CVS Deer Park, LLC, sued herein as CVS Pharmacy, Inc., cross-appeals from so much of the same order as denied its motion for summary judgment dismissing

the complaint insofar as asserted against it and for summary judgment on its cross claim for common-law and contractual indemnification.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of CVS Deer Park, LLC, sued herein as CVS Pharmacy, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiff to the defendant CVS Deer Park, LLC, sued herein as CVS Pharmacy, Inc., and one bill of costs payable by the defendant South Shore Properties to the plaintiff, and the complaint is dismissed insofar as asserted against the defendant CVS Deer Park, LLC, sued herein as CVS Pharmacy, Inc.

The Supreme Court properly denied the motion of the defendant South Shore Properties (hereinafter South Shore) for summary judgment dismissing the complaint insofar as asserted against it. Although South Shore established its prima facie entitlement to judgment as a matter of law by demonstrating, through the submission of a lease and a deed, that the owner of the premises where the subject accident occurred was a separate entity known as Park Plaza Properties, LLC (*see Millman v Citibank*, 216 AD2d 278 [1995]), the plaintiff raised a triable issue of fact as to South Shore's ownership or control of the premises by showing that South Shore had retained a service to clean the subject premises (*see Weinstein v Willow Lake Corp.*, 262 AD2d 634, 635 [1999]; *Anderson St. Realty Corp. v RHMB New Rochelle Leasing Corp.*, 243 AD2d 595 [1997]). Since South Shore failed to present any evidence, let alone establish a prima facie case, "that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 436, 436 [2005]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409 [2004]), a triable issue of fact as to its ownership or control of the premises precluded an award of summary judgment in its favor. South Shore's claim that the hazard in this case constituted "an open and obvious condition," while relevant to the comparative fault of the plaintiff, likewise was not a basis for awarding summary judgment in favor of South Shore (*Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]; *see Tulovic v Chase Manhattan Bank*, 309 AD2d 923, 924-925 [2003]).

The Supreme Court erred, however, in denying that branch of

the motion of the defendant CVS Deer Park, LLC, sued herein as CVS Pharmacy, Inc. (hereinafter CVS), which was for summary judgment dismissing the complaint insofar as asserted against it. As a general rule, liability for permitting a dangerous condition to remain on real property is predicated upon ownership, occupancy, control, or special use of the property (*see Katz v Queens Theater in Park*, 27 AD3d 623 [2006]; *Millman v Citibank, supra; James v Stark*, 183 AD2d 873 [1992]). CVS established its entitlement to judgment as a matter of law by demonstrating that it did not own and had no exclusive right to possession of the sidewalks in the strip mall where the accident occurred, and that it had no obligation or right to perform repairs or clean the sidewalks. In opposition to that showing, the plaintiff failed to raise a triable issue of fact in this regard, and there is no allegation that CVS made special use of the sidewalks or created the condition that caused the accident. Hence, CVS owed the plaintiff no duty of care to maintain the sidewalks, and may not be held liable for permitting the continued existence of a dangerous condition (*see Millman v Citibank, supra*).

In light of our determination, we need not reach CVS's remaining contention with respect to its cross claim. Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.