HELEN MARAIA, Respondent, v CHURCH OF OUR LADY OF MOUNT CARMEL, Defendant and Third-Party Plaintiff-Respondent-Appellant. HARRISON HOLIDAYS, INC., Third-Party Defendant-Appellant-Respondent. [828 NYS2d 525]—

In an action to recover damages for personal injuries, the third-party defendant Harrison Holidays, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Giacobbe, J.), dated November 18,

2005, as denied its motion for summary judgment dismissing the third-party complaint, and the defendant third-party plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs payable by the plaintiff to the appellant and the respondent-appellant, and the motion for summary judgment dismissing the third-party complaint and the cross motion for summary judgment dismissing the complaint are granted.

"A tour operator has no duty to warn group members of a possible hazardous condition on property it neither owns nor occupies" (*Cohen v Heritage Motor Tours*, 205 AD2d 105, 107 [1994]; *see Loeb v U.S. Dept. of Interior*, 793 F Supp 431, 438 [1992]). However, where the tour operator assumes a duty to the plaintiff, such as where one of its employees directs the tour participant to "proceed in a particular manner" (*Cohen v Heritage Motor Tours, supra* at 107), the operator may be held liable if its conduct placed the plaintiff in a more vulnerable position (*id.*). Here, the third-party defendant established its entitlement to judgment as a matter of law by demonstrating that it did not own or operate the premises where the incident occurred or assume a duty of care by directing the plaintiff's path within the premises (*see Mongello v Davos Ski Resort*, 224 AD2d 502 [1996]; *cf. Cohen v Heritage Motor Tours, supra*).

The defendant third-party plaintiff also established its entitlement to judgment as a matter of law by demonstrating that the platform from which the plaintiff fell was open and obvious and not inherently dangerous (*see Pirie v Krasinski*, 18 AD3d 848 [2005]; *Fitzgerald v Sears, Roebuck & Co.*, 17 AD3d 522 [2005]; *Capozzi v Huhne*, 14 AD3d 474 [2005]; *Jang Hee Lee v Sung Whun Oh*, 3 AD3d 473 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the platform was in violation of various requirements of Administrative Code of the City of New York § 27-375 is without merit since the subject platform is not an "interior stair" within the meaning of Administrative Code of the City of New York § 27-372 (*see Chaehee Jung v Kum Gang, Inc.*, 22 AD3d 441 [2005]; *Walker v 127 W. 22nd St. Assoc.*, 281 AD2d 539 [2001]). Nor did the plaintiff demonstrate that the subject platform was in violation of Administrative Code of the City of New York §§ 27-127 and 27-128.

Accordingly, the Supreme Court should have granted the third-party defendant's motion for summary judgment dismiss-

ing the third-party complaint and the defendant third-party plaintiff's cross motion for summary judgment dismissing the complaint. Miller, J.P., Rivera, Krausman and Goldstein, JJ., concur.