■ MARILYN DOBIES et al., Appellants, v GIRL SCOUTS OF WESTCHESTER PUTNAM, INC., Respondent, et al., Defendants. [922 NYS2d 792]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Nicolai, J.), dated February 17, 2010, as granted that branch of the motion of the defendant Girl Scouts of Westchester Putnam, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[T]he imposition of liability for a dangerous condition on property must be predicated upon occupancy, ownership, control, or special use of the premises" (*James v Stark*, 183 AD2d 873, 873 [1992]; *see Ellers v Horwitz Family Ltd. Partnership*, 36 AD3d 849 [2007]; *Marrone v South Shore Props.*, 29 AD3d 961 [2006]). Here, the defendant Girl Scouts of Westchester Putnam, Inc. (hereinafter the defendant), established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not own, occupy, control, put to a special use, or have any right or obligation to maintain the parking lot where the accident occurred (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Belen, Chambers and Roman, JJ., concur.