# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**32**

**CA 12-01395**

PRESENT: SMITH, J.P., FAHEY, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

THOMAS R. SPAULDING, PLAINTIFF-APPELLANT,

V                                                   MEMORANDUM AND ORDER

LOOMIS MASONRY, INC., UPSTATE CONSTRUCTION
SERVICES, INC., STRUCTURAL ASSOCIATES, INC.,
AND HUEBER-BREUER CONSTRUCTION CO., INC.,
DEFENDANTS-RESPONDENTS.

---

MEGGESTO, CROSSETT & VALERINO, LLP, SYRACUSE (JAMES A. MEGGESTO OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, SYRACUSE (MOLLY M. RYAN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS UPSTATE CONSTRUCTION SERVICES, INC. AND
STRUCTURAL ASSOCIATES, INC.

LIPPMAN O'CONNOR, BUFFALO (GERARD E. O'CONNOR OF COUNSEL), FOR
DEFENDANT-RESPONDENT LOOMIS MASONRY, INC.

SMITH SOVIK KENDRICK & SUGNET, P.C., SYRACUSE (JAMES W. CUNNINGHAM OF
COUNSEL), FOR DEFENDANT-RESPONDENT HUEBER-BREUER CONSTRUCTION CO.,
INC.

---

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered December 14, 2011. The order
granted the motions of defendants for summary judgment and dismissed
the complaint.

Now, upon reading and filing the stipulation discontinuing the
appeal insofar as it concerns defendant Hueber-Breuer Construction
Co., Inc., signed by the attorneys for the parties on February 14, 25,
and 27, and March 4, 2013,

It is hereby ORDERED that said appeal insofar as it concerns
defendant Hueber-Breuer Construction Co., Inc. is unanimously
dismissed upon stipulation and the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained when he fell from a large plastic barrel on
which he was standing while performing work for his employer. In
reaching for a tool on an adjacent wall, plaintiff grabbed masonry
bricks on a column wrap, and the bricks came loose, causing him to
lose his balance. In the complaint, plaintiff asserted a negligence
cause of action based on the alleged defective construction of the

brick column wrap.  Defendant Structural Associates, Inc. (SAI) contracted with plaintiff's employer to serve as the general contractor for the construction of the building in which plaintiff was injured (project).  SAI contracted with defendant Upstate Construction Services, Inc. (Upstate) to serve as a subcontractor on the project, and Upstate, in turn, subcontracted with defendant Loomis Masonry, Inc. (Loomis) to perform certain masonry work on the project.  Construction of the project, including the brick column wrap, was completed approximately six years before plaintiff's accident.  As relevant to this appeal, SAI, Upstate and Loomis (hereafter, defendants) moved for summary judgment dismissing the complaint, and Supreme Court granted their motions.  We affirm.

Plaintiff contends that the court erred in granting defendants' motions inasmuch as they owed plaintiff a duty of care pursuant to the instrument of harm doctrine.  We reject that contention.  It is well settled that, "[b]ecause a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138).  Here, defendants established as a matter of law that they did not owe any duty to plaintiff, and plaintiff failed to raise a triable issue of fact.  Although defendants had contractual obligations with respect to the construction of the project for plaintiff's employer, as a general rule "a contractual obligation, standing alone, will . . . not give rise to tort liability in favor of a third party," i.e., a person who is not a party to the contract (*id.*; *see Church v Callanan Indus.*, 99 NY2d 104, 111).  There is an exception to that general rule, however, "where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, 'launche[s] a force or instrument of harm' " (*Espinal*, 98 NY2d at 140), thereby "creat[ing] an unreasonable risk of harm to others, or increas[ing] that risk" (*Church*, 99 NY2d at 111).  Contrary to plaintiff's contention, the instrument of harm doctrine does not apply to the facts of this case, and thus there was no duty of care running from defendants to plaintiff based on that doctrine (*see generally id.* at 111-112; *Cooper v Time Warner Entertainment-Advance/Newhouse Partnership*, 16 AD3d 1037, 1038-1039).

Entered:  April 26, 2013                          Frances E. Cafarell
                                                  Clerk of the Court