■ ZHUO ZHENG CHEN et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [966 NYS2d 177]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ash, J.), dated January 20, 2012, which granted the motion of the defendants City of New York, City University of New York, and Kingsborough Community College for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them is denied.

The injured plaintiff allegedly fell from a loading dock owned and operated by the defendants City of New York, City University of New York, and Kingsborough Community College (hereinafter collectively the city defendants), sustaining injuries. The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, the city defendants. The city defendants moved for summary judgment, contending, inter alia, that the condition of the loading dock was open and obvious and not inherently dangerous. The Supreme Court granted the motion, and the plaintiffs appeal.

While a landowner has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233, 241 [1976]), it has no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous (*see Tyz v First St. Holding Co., Inc.*, 78 AD3d 818 [2010]; *Maraia v Church of Our Lady of Mount Carmel*, 36 AD3d 766 [2007]). Whether a dangerous or defective condition exists on the property so as to give rise to liability depends on the circumstances of each case and is generally a question of fact for the jury (*see Surujnaraine v Valley Stream Cent. High School Dist.*, 88 AD3d 866 [2011]; *Katz v Westchester County Healthcare Corp.*, 82 AD3d 712 [2011]). "A condition that is ordinarily apparent to a person making reasonable use of [his or her] senses

may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1009 [2008]; *see Clark v AMF Bowling Ctrs., Inc.*, 83 AD3d 761 [2011]).

Here, the city defendants failed to establish, prima facie, their entitlement to judgment as a matter of law, as a triable issue of fact exists as to whether the accident site area was adequately lit and whether the condition of the loading dock was open and obvious and not inherently dangerous (*see Hadgraft v Morin*, 94 AD3d 701 [2012]; *Clark v AMF Bowling Ctrs., Inc.*, 83 AD3d 761 [2011]; *Kempter v Horton*, 33 AD3d 868 [2006]; *Miner v Northport Yacht Club*, 15 AD3d 362 [2005]). Since the city defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court should have denied the city defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Rivera, Sgroi and Cohen, JJ., concur.