■ Sharon Twersky, Respondent, v Incorporated Village of Great Neck et al., Defendants, and FHM Mortgage Corp. et al., Appellants. [7 NYS3d 309]—

In an action to recover damages for personal injuries, the defendants FHM Mortgage Corp. and Killer B's Realty Holding Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Janowitz, J.), entered June 17, 2014, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On the evening of November 18, 2011, the plaintiff, while walking on a sidewalk abutting property then owned by the defendants FHM Mortgage Corp. and Killer B's Realty Holding

Corp. (hereinafter together the appellants), allegedly slipped and fell on a driveway apron covered by a blanket of wet and slimy leaves. The plaintiff testified at her deposition that it was very dark in the area where the accident occurred and that the lamp posts in the vicinity did not provide much illumination. She also testified that the portion of the apron on which she slipped sloped down to meet the driveway.

The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied their motion.

A property owner has a duty to keep his or her property in a "reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]; *see Neiderbach v 7-Eleven, Inc.*, 56 AD3d 632, 633 [2008]). However, a landowner does not have a duty to protect against an open and obvious condition, which, as a matter of law, is not inherently dangerous (*see Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). Whether a condition is open and obvious depends on the circumstances of the case, and a condition that may ordinarily be observable may be obscured by other objects or by inadequate illumination (*see Russo v Incorporated Vil. of Atl. Beach*, 119 AD3d 764 [2014]; *Pellegrino v Trapasso*, 114 AD3d 917, 918 [2014]).

The appellants failed to establish, prima facie, that the alleged condition which caused the plaintiff to slip and fall was open and obvious (*see Russo v Incorporated Vil. of Atl. Beach*, 119 AD3d at 764; *Pellegrino v Trapasso*, 114 AD3d at 918; *Franzese v Tanger Factory Outlet Ctrs., Inc.*, 88 AD3d 763, 764 [2011]; *Gutman v Todt Hill Plaza, LLC*, 81 AD3d 892, 892 [2011]). Since the appellants failed to meet their initial burden of establishing, prima facie, their entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Eng, P.J., Austin, Cohen and Barros, JJ., concur.