■ Myron Little, Respondent, v New York City Transit Authority, Appellant, and CEMUSA, Inc., et al., Respondents. [18 NYS3d 110]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated January 16, 2015, as denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant New York City Transit Authority which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff commenced this action against the defendants New York City Transit Authority (hereinafter NYCTA), CEMUSA, Inc., and CEMUSA NY, LLC (hereinafter together the CEMUSA defendants), alleging that he was injured while standing at a bus shelter when glass from the bus shelter suddenly shattered and struck him. The complaint alleged that each of the defendants owned, operated, managed, maintained, controlled, supervised, inspected, and repaired the subject bus shelter. Some disclosure ensued, including NYCTA's service of a response to the plaintiff's combined discovery demands, which recited that NYCTA "does not make or keep any records of any kind pertaining to bus shelters since they are the property of the City of New York." NYCTA subsequently moved,

inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that it owed no duty to the plaintiff with regard to the condition of the bus shelter because it did not own, operate, or maintain the subject bus shelter or any other bus shelters within the City of New York. Insofar as relevant to this appeal, the CEMUSA defendants opposed the motion solely on the ground that it was premature, because "[v]ery little discovery has taken place in this case." The Supreme Court, inter alia, denied that branch of NYCTA's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Where, as in the present case, liability against NYCTA is premised upon alleged negligence in the ownership, maintenance, and repair of a bus shelter, NYCTA is entitled to summary judgment dismissing the claims against it because the City of New York, not NYCTA, is responsible for maintaining bus stops, bus shelters, and appurtenant areas (*see Davila v New York City Tr. Auth.*, 66 AD3d 952 [2009]; *Otonoga v City of New York*, 234 AD2d 592 [1996]; *Gall v City of New York*, 223 AD2d 622 [1996]; *Blakeney v City of New York*, 222 AD2d 390 [1995]; *Coppersmith v City of New York*, 194 AD2d 586 [1993]). In opposition to NYCTA's demonstration of its prima facie entitlement to judgment as a matter of law, the CEMUSA defendants failed to submit any evidence sufficient to raise a triable issue of fact, and they did not proffer any evidentiary basis to suggest that additional discovery may lead to further relevant evidence (*see South Shore Neurologic Assoc., P.C. v Mobile Health Mgt. Servs., Inc.*, 121 AD3d 881 [2014]; *Suero-Sosa v Cardona*, 112 AD3d 706 [2013]; *Buchinger v Jazz Leasing Corp.*, 95 AD3d 1053 [2012]). Accordingly, that branch of NYCTA's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it should have been granted.

The CEMUSA defendants' remaining contentions, raised for the first time on appeal, are not properly before this Court (*see Petrozza v Franzen*, 109 AD3d 650 [2013]; *Provident Bank v Giannasca*, 55 AD3d 812 [2008]; *Marcel v Chief Energy Corp.*, 38 AD3d 502 [2007]). Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.