■ JOHN CREUTZBERGER, Respondent, v COUNTY OF SUFFOLK et al., Appellants, and CIRCLE OF CHIEFS, INC., Doing Business as FRIENDS OF BRADSTOCK, Respondent, et al., Defendant. [33 NYS3d 438]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated March 23, 2014, as granted that branch of the motion of the defendant Circle of Chiefs, Inc., doing business as Friends of Bradstock, which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendants County of Suffolk and Long Island Maritime Museum separately appeal from so much of the same order as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendant Circle of Chiefs, Inc., doing business as Friends of Bradstock, payable by the plaintiff and one bill of costs to the plaintiff payable by the defendants County of Suffolk and Long Island Maritime Museum.

On September 2, 2007, the plaintiff attended a music and arts festival held by the defendant Circle of Chiefs, Inc., doing business as Friends of Bradstock (hereinafter Circle), on a property owned by the defendant County of Suffolk and occupied by the defendant Long Island Maritime Museum (hereinafter the Museum). The plaintiff alleges that he was injured when the bicycle he was riding on a grass path struck the edge of a dock, and he was thrown to the ground. After

depositions had been conducted, Circle moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it could not be held liable because it did not own, maintain, repair, or control the dock area where the plaintiff's accident occurred. The County and the Museum (hereinafter together the County defendants) then cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff had failed to comply with the prior written notice requirement of Suffolk County Charter § C8-2A. The County defendants additionally argued that they were entitled to summary judgment because no defective condition existed in the dock area, the height differential between the grass and the dock was open and obvious and not inherently dangerous, and the plaintiff could not identify the cause of his accident. The Supreme Court granted Circle's motion and denied the County defendants' cross motion. We affirm.

Circle demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. "Generally, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property" (*Kubicsko v Westchester County Elec., Inc.*, 116 AD3d 737, 738-739 [2014] [internal quotation marks omitted]; *see Stevenson v Saratoga Performing Arts Ctr., Inc.*, 115 AD3d 1086, 1087 [2014]; *DeCourcey v Briarcliff Cong. Church*, 104 AD3d 799, 801 [2013]). Circle established, prima facie, that it did not own, occupy, control, or have a special use of the dock area where the plaintiff's accident occurred, and that it had no contractual obligation to keep the area free from dangerous conditions (*see Kubicsko v Westchester County Elec., Inc.*, 116 AD3d at 739; *Dobies v Girl Scouts of Westchester Putnam, Inc.*, 84 AD3d 724, 725 [2011]; *Rosen v Long Is. Greenbelt Trail Conference, Inc.*, 19 AD3d 400, 401 [2005]; *Masterson v Knox*, 233 AD2d 549, 550 [1996]). Moreover, contrary to the plaintiff's contention, Circle made a prima facie showing that it did not have the authority to block off access to the dock area since the County required that the entire Museum grounds remain open to the public (*see generally Gibbs v Port Auth. of N.Y.*, 17 AD3d 252, 254 [2005]; *Masterson v Knox*, 233 AD2d at 550). In opposition to Circle's prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of Circle's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

With respect to the County defendants' cross motion, we note

initially that there is no merit to the plaintiff's contention that the County's prior written notice statute is inapplicable because the County acted in a proprietary capacity. As the Court of Appeals recently clarified in *Wittorf v City of New York* (23 NY3d 473, 480 [2014]), while local governments have a proprietary duty to maintain areas such as roads and highways in a reasonably safe condition, liability for the failure to do so "can and has been limited by prior written notice laws." However, the County defendants failed to make a prima facie showing of their entitlement to summary judgment on this ground. Although the County defendants established, prima facie, that the plaintiff failed to comply with Suffolk County Charter § C8-2A, which requires prior written notice of defects, inter alia, in docks and pathways, they failed to establish, prima facie, that they did not create the allegedly defective conditions which caused the plaintiff's fall through an affirmative act of negligence (*see McManus v Klein*, 136 AD3d 700 [2016]; *Mahabir v Suffolk County Water Auth.*, 130 AD3d 694, 695 [2015]).

Contrary to the County defendants' contentions, their submissions in support of their cross motion for summary judgment dismissing the complaint insofar as asserted against them also failed to eliminate all triable issues of fact as to whether they breached their duty to adequately illuminate the area where the accident occurred (*see Steed v MVA Enters., LLC*, 136 AD3d 793 [2016]; *Conneally v Diocese of Rockville Ctr.*, 116 AD3d 905, 906 [2014]; *Taylor v Lands End Realty Corp.*, 93 AD3d 1062, 1063-1064 [2012]), or whether the alleged condition which caused the plaintiff's fall was open and obvious and not inherently dangerous (*see Lazic v Trump Vil. Section 3, Inc.*, 134 AD3d 776, 777 [2015]; *Twersky v Incorporated Vil. of Great Neck*, 127 AD3d 739, 740 [2015]; *Zhuo Zheng Chen v City of New York*, 106 AD3d 1081, 1082 [2013]). Nor did the County defendants make a prima facie showing establishing that the plaintiff could not identify the cause of his accident (*see Steed v MVA Enters., LLC*, 136 AD3d at 793; *Palahnuk v Tiro Rest. Corp.*, 116 AD3d 748, 749 [2014]; *Seelinger v Town of Middletown*, 79 AD3d 1227, 1230 [2010]). Moreover, the County defendants failed to establish, prima facie, that the plaintiff's conduct was the sole proximate cause of his accident (*see Powers v 31 E 31 LLC*, 123 AD3d 421, 423 [2014]; *cf. Lynch v Metropolitan Transp. Auth.*, 82 AD3d 716 [2011]), or that the Museum did not owe a duty to the plaintiff to keep the premises in a reasonably safe condition (*see Milewski v Washington Mut., Inc.*, 88 AD3d 853, 855 [2011]; *Reimold v Walden Terrace, Inc.*, 85 AD3d 1144, 1145 [2011]).

Since the County defendants failed to meet their initial burden as movants, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zhuo Zheng Chen v City of New York*, 106 AD3d at 1082). Accordingly, the Supreme Court properly denied the County defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.

The County defendants' contention that the County is entitled to contractual indemnification from Circle is raised for the first time on appeal and not properly before this Court (*see Little v New York City Tr. Auth.*, 132 AD3d 738, 739 [2015]; *McNamee Constr. Corp. v City of New Rochelle*, 29 AD3d 544, 546 [2006]; *Landgraff v 1579 Bronx Riv. Ave., LLC*, 18 AD3d 385, 387 [2005]). Dillon, J.P., Leventhal, Chambers and Barros, JJ., concur.