Accordingly, we affirm the judgment insofar as appealed from. Rivera, J.P., Hall, Miller and Duffy, JJ., concur.

■ SUSAN M. BISSETT, Respondent, v 30 MERRICK PLAZA, LLC, Appellant. [67 NYS3d 268]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Sher, J.), dated July 13, 2016, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she slipped and fell on a pile of wet leaves on one of the steps of an exterior staircase of a building owned by the defendant. Thereafter, the plaintiff commenced this action against the defendant to recover damages for personal injuries, and the defendant moved for summary judgment dismissing the complaint, relying on the deposition testimony of the plaintiff and that of Andrew Brenner, who managed the building. The Supreme Court denied the motion and the defendant appeals.

A defendant property owner has a duty to maintain its premises in a "reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]). However, it does not have a duty to protect against an open and obvious condition, which, as a matter of law, is not inherently dangerous (*see Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). Whether a dangerous or defective condition exists on the property so as to give rise to liability depends on the particular circumstances of each case and is generally a question of fact for the jury (*see Pellegrino v Trapasso*, 114 AD3d 917, 918 [2014]). Similarly, whether a condition is open and obvious depends on the circumstances of the case, and something that ordinarily would be readily observable may be obscured by inadequate illumination (*see Twersky v Incorporated Vil. of Great Neck*, 127 AD3d 739, 740 [2015]; *Russo v Incorporated Vil. of Atl. Beach*, 119 AD3d 764 [2014]).

Here, the defendant failed to eliminate triable issues of fact

as to whether the condition that allegedly caused the plaintiff to fall was open and obvious and not inherently dangerous (*see Twersky v Incorporated Vil. of Great Neck*, 127 AD3d at 739-740; *cf. Misir v Beach Haven Apt. No. 1, Inc.*, 32 AD3d 1002 [2006]). The plaintiff testified at her deposition that she fell on a two-inch thick pile of wet, matted down leaves on the seventh step of a staircase, consisting of 20 steps leading to a basement. The plaintiff further testified that the sky was overcast, that a light at the bottom of the staircase was not functioning, and that she could only see as far as the fifth step.

The defendant also failed to establish, prima facie, that it did not have constructive notice of the alleged hazardous condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Hickson v Walgreen Co.*, 150 AD3d 1087, 1088 [2017]). The plaintiff testified that she fell into a pile of leaves and other debris one-foot deep at the bottom of the staircase. Brenner testified that he could not remember whether he had checked the subject staircase on his last weekly inspection prior to the accident and that he did not know whether the landscaper or anyone else was responsible for removing leaves from the staircase. Thus, the defendant failed to establish, prima facie, that the subject condition had not been there for a sufficient period of time for the defendant to have discovered and remedied it (*see Gordon v American Museum of Natural History*, 67 NY2d at 837-838; *Hickson v Walgreen Co.*, 150 AD3d at 1088).

Since the defendant failed to meet its initial burden of establishing, prima facie, its entitlement to judgment as a matter of law, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Austin, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.