Hayward v Zoria Hous., LLC (2020 NY Slip Op 05892)





Hayward v Zoria Hous., LLC


2020 NY Slip Op 05892


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-01986
 (Index No. 10515/14)

[*1]Beverly Rena Hayward, etc., appellant,
v
Zoria Housing, LLC, et al., respondents.


Koenigsberg & Associates, P.C. (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Diane K. Toner], of counsel), for appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Jessica M. Erickson of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated January 4, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On Saturday, August 17, 2013, between 8:00 and 8:30 p.m., the plaintiff's decedent, Beverly Hayward (hereinafter Hayward), allegedly tripped and fell on a piece of wood, known as mudsill. The mudsill was located under a pole supporting a scaffold, which created a sidewalk shed that abutted Hayward's apartment building in Brooklyn.
Hayward's apartment building was located within a complex owned by the defendant New York City Housing Authority (hereinafter NYCHA). NYCHA had retained the defendant Zoria Housing, LLC, to perform some work on the exterior bricks of the buildings within the complex, and a sidewalk shed had been erected around the perimeter of the subject apartment building in connection with this project. Artificial lights were installed underneath the sidewalk shed.
Hayward commenced this action against the defendants NYCHA and Zoria Housing, LLC. Hayward subsequently died, and the administrator of her estate was substituted as the plaintiff. The defendants moved for summary judgment dismissing the complaint, contending that the condition that caused Hayward to fall was open and obvious and not inherently dangerous. The plaintiff opposed the motion, contending that the accident site was inadequately illuminated. The Supreme Court granted the motion. The plaintiff appeals.
A landowner has a duty to maintain its premises in a reasonably safe condition (see Peralta v Henriquez, 100 NY2d 139, 144; Basso v Miller, 40 NY2d 233, 241). There is, however, no duty to protect or warn against conditions that are open and obvious and not inherently dangerous (see Costidis v City of New York, 159 AD3d 871; Bogaty v Bluestone Realty NY, Inc., 145 AD3d 752; Cupo v Karfunkel, 1 AD3d 48, 51). Whether a dangerous or defective condition exists on the property so as to give rise to liability depends on the particular circumstances of each case and is [*2]generally a question of fact for the jury (see Bissett v 30 Merrick Plaza, LLC, 156 AD3d 751).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the wooden mudsill that caused Hayward to fall was open and obvious and not inherently dangerous (see Azumally v 16 W. 19th LLC, 79 AD3d 922; see also Benjamin v Trade Fair Supermarket, Inc., 119 AD3d 880; Holdos v American Consumer Shows, Inc., 91 AD3d 823). Contrary to the plaintiff's contention on appeal, having made that showing, the defendants were not required to make a prima facie showing that they lacked notice of the alleged defect. In opposition, however, the plaintiff raised triable issues of fact, relying on, inter alia, Hayward's testimony at a hearing held pursuant to General Municipal Law § 50-h and the affidavit of an alleged eyewitness, Janice Espy. During the 50-h hearing, Hayward testified that the area underneath the sidewalk shed was dim and that some of the lighting fixtures were missing light bulbs. However, Hayward testified that she was able to see where she was going. When she was asked why she tripped on the mudsill, Hayward stated that she did not understand the question and that she did not know why she tripped on the wooden mudsill. Espy averred that when she saw Hayward fall, she went to assist her. Hayward told Espy that she tripped on the mudsill and that she did not see it before she fell because the lighting conditions under the sidewalk shed were poor. Hayward's statement to Espy was admissible as an excited utterance because it was made under the stress of excitement caused by her fall (see Langner v Primary Home Care Servs., Inc., 83 AD3d 1007, 1010). Under the circumstances, triable issues of fact exist as to whether the accident site was adequately illuminated and whether the mudsill was open and obvious and not inherently dangerous (see Bissett v 30 Merrick Plaza, LLC, 156 AD3d at 751-752; Clark v AMF Bowling Ctrs., Inc., 83 AD3d 761).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint
AUSTIN, J.P., COHEN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court