Stempien v Walls (2021 NY Slip Op 02683)





Stempien v Walls


2021 NY Slip Op 02683


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


897 CA 19-02098

[*1]RYAN STEMPIEN, PLAINTIFF-RESPONDENT,
v
GREGG K. WALLS AND MARY E. WALLS, DEFENDANTS-APPELLANTS. 






HAGELIN SPENCER LLC, BUFFALO (MATTHEW D. PFALZER OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
PAUL WILLIAM BELTZ, P.C., BUFFALO (WILLIAM A. QUINLAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered November 18, 2019. The order denied defendants' motion seeking, inter alia, summary judgment dismissing plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this premises liability action seeking damages for injuries he sustained when he fell 15 feet from the top of a seawall while attending a party at defendants' lakefront vacation home. Plaintiff alleged that the accident occurred at "the unguarded and unlit rear northwest corner of the [subject] property" and that defendants failed to, inter alia, put up a barrier, properly illuminate the area, or correct or warn of the dangerous condition. Defendants appeal from an order that denied their motion seeking summary judgment dismissing the complaint or, in the alternative, a bifurcated trial. We affirm.
On the night of the incident, around 11:00 p.m., plaintiff discovered that the downstairs bathroom in the house was occupied, and he exited the house and proceeded toward the back right corner of the property, intending to relieve himself near some bushes. Defendants' backyard is approximately 20 feet above the lake, separated by a natural cliff that runs along the shoreline. Built into the face of the cliff is the 15-foot-high seawall, which consists of two levels, with an upper and a lower platform, and a cement staircase built into the center of the seawall that permits access from the backyard to the lower platform. Defendants' backyard includes a cement sidewalk that leads to the top of the seawall's staircase. Plaintiff fell off the seawall down to the beach below and sustained various injuries.
Contrary to defendants' contention, Supreme Court properly denied the motion insofar as it sought summary judgment dismissing the complaint. It is well settled that "[a] landowner has a duty to exercise reasonable care in maintaining [his or her] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property . . . However, a landowner has no duty to protect or warn against an open and obvious condition that is inherent or incidental to the nature of the property, and that could be reasonably anticipated by those using it" (Preston v Castle Pointe, LLC, 173 AD3d 1709, 1710 [4th Dept 2019] [internal quotation marks omitted]; see also Carol S. v State of New York, 185 AD3d 1385, 1386 [4th Dept 2020]). Under the circumstances of this case, we conclude that defendants failed to meet their initial burden on their motion of establishing that the cliff, together with the manmade seawall, constituted an open and obvious condition inherent or incidental to the nature of the property that could be reasonably anticipated by plaintiff (cf. Preston, 173 AD3d at 1710; see also Barry v Gorecki, 38 AD3d 1213, 1215 [4th Dept 2007]; [*2]Walter v State of New York, 185 AD2d 536, 538 [3d Dept 1992]). The issue whether a condition is open and obvious is generally fact-specific and depends on the circumstances of the case, and "something that ordinarily would be readily observable may be obscured by inadequate illumination" (Bissett v 30 Merrick Plaza, LLC, 156 AD3d 751, 751 [2d Dept 2017]; see Twersky v Incorporated Vil. of Great Neck, 127 AD3d 739, 740 [2d Dept 2015]; see generally Tagle v Jakob, 97 NY2d 165, 169 [2001]). Here, defendants failed to eliminate all triable issues of fact whether the alleged hazard posed by the cliff and seawall, given the lighting conditions at the time of the accident, "was visible and obvious or presented a latent, dangerous condition" (King v Cornell Univ., 119 AD3d 1195, 1197 [3d Dept 2014]; see Bissett, 156 AD3d at 751-752; see also Simon v Comsewogue Sch. Dist., 143 AD3d 695, 696 [2d Dept 2016]).
We further conclude that defendants failed to establish as a matter of law that plaintiff's conduct was the sole proximate cause of his fall (see Mooney v Petro, Inc., 51 AD3d 746, 747 [2d Dept 2008]). Typically, the question "whether a particular act of negligence is a substantial cause of the plaintiff's injuries is one to be made by the factfinder, as such a determination turns upon questions of foreseeability and what is foreseeable and what is normal may be the subject of varying inferences" (Hain v Jamison, 28 NY3d 524, 529 [2016] [internal quotation marks omitted]). Additionally, "it is well settled that there may be more than one proximate cause of the accident" (Przesiek v State of New York, 118 AD3d 1326, 1327 [4th Dept 2014]). " '[U]nder the circumstances presented, it cannot be said that plaintiff's conduct . . . was unforeseeable . . . [and rose] to such a level of culpability as to replace [defendants'] negligence as the legal cause of the accident' " (Sniatecki v Violet Realty, Inc., 98 AD3d 1316, 1319 [4th Dept 2012]; see generally Potter v YMCA of Kingston & Ulster County, 136 AD3d 1265, 1266 [3d Dept 2016]; Proulx v Entergy Nuclear Indian Point 2, LLC, 98 AD3d 492, 493 [2d Dept 2012]).
We also conclude that defendants failed to establish as a matter of law that plaintiff could not identify the cause of his fall without engaging in speculation (see Dixon v Superior Discounts & Custom Muffler, 118 AD3d 1487, 1488 [4th Dept 2014]). Although plaintiff was unable to identify the precise cause of his fall, the record establishes that he fell in the immediate vicinity of uneven terrain at night, "thereby rendering any other potential cause of [his] fall sufficiently remote or technical to enable [a] jury to reach [a] verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (id. [internal quotation marks omitted]).
Finally, we conclude that the court did not abuse its discretion in denying defendants' motion insofar as it sought bifurcation of the trial. Contrary to defendants' contention, "plaintiff established that bifurcation would not 'assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action' " (Turnmire v Concrete Applied Tech. Corp., 56 AD3d 1125, 1128 [4th Dept 2008]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court