Mertz v LeChase Constr. Servs., LLC (2023 NY Slip Op 03101)

Mertz v LeChase Constr. Servs., LLC

2023 NY Slip Op 03101

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND OGDEN, JJ.

162 CA 22-00946

[*1]KATHARINE MERTZ AND STEVEN MERTZ, PLAINTIFFS-APPELLANTS,
v
LECHASE CONSTRUCTION SERVICES, LLC, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. 

SEGAR & SCIORTINO PLLC, ROCHESTER (KYLE P. RITER OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
WOODS OVIATT GILMAN LLP, ROCHESTER (JENNIFER M. SCHAUERMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Christopher S. Ciaccio, A.J.), entered January 7, 2022. The order granted the motion of defendant LeChase Construction Services, LLC, for summary judgment and dismissed the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Katharine Mertz (plaintiff) when she tripped and fell on a walkway at the hospital where she worked as a nurse. Defendant LeChase Construction Services, LLC (defendant) had served as a construction manager for the first phase of a larger hospital renovation project and constructed the walkway as part of that project. Defendant moved for summary judgment dismissing the complaint against it on, inter alia, the ground that it owed no duty of care to plaintiff. Supreme Court granted that motion, and plaintiffs appeal. We affirm.
Contrary to plaintiffs' contention, defendant met its initial burden of demonstrating that it did not owe plaintiff a duty of care arising from its alleged control over the walkway. Defendant established that it had completed work on the walkway and returned control over that area to the University of Rochester (University), the party with which defendant had contracted, prior to plaintiff's accident, and it is undisputed that defendant did not own the premises (see Greenstein v Realife Land Improvement, Inc., 13 AD3d 338, 339 [2d Dept 2004]; see generally Peluso v ERM, 63 AD3d 1025, 1025-1026 [2d Dept 2009]). In opposition, plaintiffs failed to raise a triable issue of fact whether defendant retained control of the walkway.
Plaintiffs further contend that the court erred in granting defendant's motion because defendant had a duty to plaintiff arising from its contract with the University under the first exception set forth in Espinal v Melville Snow Contrs. (98 NY2d 136, 138-140 [2002]). We likewise reject that contention. "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (id. at 139; see Spaulding v Loomis Masonry, Inc., 105 AD3d 1309, 1310 [4th Dept 2013]). There is an exception to that general rule, however, "where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launche[s] a force or instrument of harm" (Espinal, 98 NY2d at 140 [internal quotation marks omitted]), thereby "creat[ing] an unreasonable risk of harm to others, or increas[ing] that risk" (Church v Callanan Indus., 99 NY2d 104, 111 [2002]). Here, the sole defect in the walkway area identified by plaintiff as causing her accident was the allegedly dim lighting, which prevented her from seeing the step-down off a curb (see generally Stempien v Walls, 193 AD3d 1383, 1384 [4th Dept 2021]; Bissett v 30 Merrick Plaza, LLC, 156 AD3d 751, [*2]751 [2d Dept 2017]; Twersky v Incorporated Vil. of Great Neck, 127 AD3d 739, 740 [2d Dept 2015]). Defendant established, however, that its contract with the University did not require it to install lighting around the walkway, and that the University supplied defendant with the design to be used for the walkway. Thus, defendant demonstrated that it did not breach a contractual obligation to install lighting in the area, and it therefore " 'cannot be said that [defendant] affirmatively created a dangerous condition' " for which it could be held liable to plaintiff (Peluso, 63 AD3d at 1026). Further, under the circumstances of this case, defendant was justified in relying upon the plans and specifications for the walkway that, defendant established, it did not prepare (see Dentico v Turner Constr. Co., 207 AD3d 1036, 1037-1038 [4th Dept 2022]). Plaintiffs failed to raise an issue of fact in opposition thereto.
Lastly, plaintiffs' theory of liability premised on defendant's alleged negligent design of the walkway was improperly raised for the first time in opposition to defendant's motion and we therefore do not address that contention (see Darrisaw v Strong Mem. Hosp., 74 AD3d 1769, 1770 [4th Dept 2010], affd 16 NY3d 729 [2011]). 
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court